UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOVEPREET S.,[1] | No.  1:26-cv-00836-KES-SKO (HC) |
| Petitioner, | **FINDINGS AND RECOMMENDATION TO GRANT PETITION** |
| v. | |
| VAHAN MANUKYAN, WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al., | **[10-DAY DEADLINE]** |
| Respondents. | |

Petitioner Lovepreet S. is an immigration detainee proceeding with a petition for writ of habeas corpus. (Doc. 1.) The Court has previously addressed the legal issues raised by the petition. See, e.g., Clene C.D. v. Robbins, No. 1:25-CV-01463-KES-SKO (HC) (E.D. Cal. Jan. 12, 2025); Bilal A. v. Wofford, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); W.V.S.M. v. Wofford, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025).

---

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits petitioner's full name, using only his first name and last initial, to protect sensitive personal information. See Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

1

On February 3, 2026, the Court ordered Respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders in the cases cited above that would justify denying the petition. (Doc. 5.) On February 6, 2026, Respondents filed a motion to dismiss opposing the issuance of injunctive relief and contending that the detention authority is lawful. (Doc. 6.) Respondents state that there exists a factual issue that makes the instant case distinguishable from the cases cited above. Respondents indicate that Petitioner was arrested for battery upon a person on March 6, 2024. (Doc. 6-1 at 2.) Aside from the arrest, Respondents do not indicate that the instant case is substantively different from the cases cited by the Court.  Petitioner filed a response to Respondent's motion to dismiss on February 10, 2026. (Doc. 7.) Petitioner opposes the motion and urges the Court to grant the petition.

The Court does not find this case to be materially different from the Court's prior decisions in Clene C.D. v. Robbins, No. 1:25-CV-01463-KES-SKO (HC) (E.D. Cal. Jan. 12, 2025); Bilal A. v. Wofford, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); W.V.S.M. v. Wofford, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025).  While it may be true that Petitioner was arrested for battery,[2] the record also indicates there is no disposition in the case. (Doc. 6-1 at 2.) Moreover, any argument that Petitioner is a danger to the public should he be released can be made in a bond hearing before an immigration judge.

Therefore, for the reasons stated in the Court's prior orders, the Court will recommend the petition for writ of habeas corpus be GRANTED.

---

[2] Respondents provide no evidentiary support for this allegation, such as a copy of Petitioner's criminal records. Respondents point only to Form I-213 which indicates Petitioner was arrested for battery. (Doc. 6-1 at 2.) To the extent Respondents argue that the arrest violates his Order of Supervision, Respondents provide no support for that argument. At best, this appears to be only an arrest. "The contention that an arrest, without more, constitutes evidence of criminal activity is without merit." Duncan v. California, No. S-04-523 LKK/PAN, 2006 WL 1883385, at *2 (E.D. Cal. July 7, 2006). Moreover, this arrest occurred on March 6, 2024, and Petitioner was not detained until October 20, 2025, when Petitioner appeared for a check-in at the ICE office. Thus, the evidence does not show that Petitioner was arrested due to his conviction. Even if he was, Respondents do not show that he was provided with proper notice and opportunity to be heard consistent with the Court's prior cases set forth above.

## RECOMMENDATION

Accordingly, the Court hereby RECOMMENDS that Respondents be ORDERED to release Petitioner immediately and that Respondents be ENJOINED AND RESTRAINED from re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within ten (10) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. Id. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014).  This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:   **February 11, 2026**                      /s/ *Sheila K. Oberto*
                                                    UNITED STATES MAGISTRATE JUDGE

3